FILED
2021 SEP 10 PM 2:18
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ASPHALT TRADER LIMITED,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT SCOTT BEALL, an individual; ROBERT SCOTT BEALL, as trustee of RIM TO RIVER ASSET PROTECTION TRUST, and STONE CANYON RIVER ASSET PROTECTION TRUST; ALEXANDRA BRITT ZIESLER as trustee of the RIM TO RIVER ASSET PROTECTION TRUST and STONE CANYON RIVER ASSET PROTECTION TRUST; THREE CANYON, LLC, a Nevis limited liability company; and TAYRN CAPITAL ENERGY, L.L.C., a Utah limited liability company,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION FOR SANCTIONS**<br><br>Case No. 1:20-cv-00155-JNP-CMR<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Cecilia M. Romero |

Before the court are a motion to dismiss and/or for summary judgment [Docket 18] and a motion for sanctions pursuant to Rule 11 and 28 U.S.C. § 1927 [Docket 20] filed by Defendants Robert Scott Beall ("Beall") in his individual capacity and capacity as trustee of Rim to River Asset Protection Trust ("Rim to River Trust") and Stone Canyon River Asset Protection Trust ("Stone Canyon Trust") (together, "the Trusts"); Alexandra Britt Ziesler ("Ziesler") in her capacity as trustee of the Trusts; Three Canyon, LLC ("Three Canyon"); and Taryn Capital Energy, L.L.C. ("Taryn").

Defendants move to dismiss Asphalt's three fraudulent transfer claims for failure to state a claim on statute of limitations grounds. The court GRANTS the motion without prejudice. Defendants also move to dismiss Taryn as a defendant for failure to state a claim, contending that Asphalt has made no allegations against Taryn in the operative complaint. The court GRANTS the motion to dismiss Taryn as a defendant.

Defendants additionally move for sanctions under Federal Rule of Civil Procedure Rule 11 and under 28 U.S.C. § 1927. The court DENIES the motion for sanctions.

## BACKGROUND

Beall formed Taryn in 2006 to market crude oil products. Taryn and Asphalt entered into a series of shipping contracts providing that Asphalt's ships would transport petroleum products in exchange for compensation from Taryn. When one of the contracts went awry in 2012 and Taryn failed to pay Asphalt, Asphalt brought an arbitration claim against Taryn. On February 12, 2016, an arbitration panel in London entered a $2.3 million award against Taryn. On December 5, 2016, this court entered a judgment confirming the arbitration award against Taryn. *Asphalt Trader Ltd. v. Taryn Cap. Energy, L.L.C.*, No. 1:16-cv-00054-JNP, 2016 WL 7017261 (D. Utah Dec. 1, 2016). Asphalt subsequently brought a separate case in this district—currently in front of Judge Nielson—in an attempt to collect on its judgment against Taryn ("Beall lawsuit"). *Asphalt Trader Ltd. v. Beall*, No. 1:17-cv-00015-HCN. That case names Beall and Taryn as defendants and is set for a bench trial on December 6, 2021.

The case in front of this court alleges that Beall made a series of fraudulent transfers to shield his assets against the $2.3 million judgment granted to Asphalt. The fraudulent transfers that underlie each of the respective claims in this case are as follows:

2

(1) On August 16, 2016, Beall created Three Canyon, LLC and transferred a number of personal assets to Three Canyon ("Three Canyon transfer").

(2) On November 14, 2016, Beall created the Stone Canyon River Asset Protection Trust and conveyed his personal residence on Skyline Drive to the Trust ("Stone Canyon transfer").

(3) On November 14, 2016, Beall created the Rim to River Asset Protection Trust. On December 16, 2016, Beall conveyed a residential building lot that he owned on Larkspur Drive to the Rim to River Trust ("Rim to River transfer").

On November 13, 2020, Asphalt filed this lawsuit, naming Beall as an individual and trustee of Rim to River Trust and Stone Canyon Trust, Ziesler as a trustee of both trusts, Three Canyon, and Taryn. The operative complaint asserts three claims for fraudulent transfer under UTAH CODE § 25-6-202: one related to the transfer of the Larkspur property to Rim to River Trust, one related to the transfer of the Skyline property to Stone Canyon Trust, and one related to the transfer of personal assets to Three Canyon.

## ANALYSIS

As a preliminary matter, the court declines to convert the motion from a motion to dismiss into a motion for summary judgment. Federal Rule of Civil Procedure 12(d) states that where a court considers matters outside of the pleadings, a motion under Rule 12(b)(6) must be converted into a motion for summary judgment. But conversion from a motion to dismiss to a motion for summary judgment is not automatic. "[C]ourts have broad discretion in determining whether or not to accept materials beyond the pleadings." *Lowe v. Town of Fairland*, 143 F.3d 1378, 1381 (10th Cir. 1998) (citing 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 (1990)). This court has limited itself to the four corners of the complaint and the trust documents referenced therein.

The court first addresses Defendants' statute of limitations arguments asserted under Rule 12(b)(6) as to the claims against the Trusts and Three Canyon, respectively. It then addresses the motion to dismiss Taryn under Rule 12(b)(6). Finally, the court will turn to the Defendants' motion for sanctions pursuant to Rule 11 and 28 U.S.C. § 1927.

## I.      STATUTE OF LIMITATIONS

The Defendants move to dismiss the claims against them under Rule 12(b)(6). Under this rule, a court may dismiss a complaint if it fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss for failure to state a claim, a court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

The Defendants argue that the allegations in the complaint, as supplemented with additional facts, establish that they should prevail on their statute of limitations defenses as a matter of law. They argue that the claims related to the Rim to River and Stone Canyon transfers are subject to the two-year statute of limitations for fraudulent transfers to asset protection trusts established by UTAH CODE § 25-6-502 and that the claim related to the Three Canyon transfer is subject to the four-year statute of limitations for fraudulent transfers under section 25-6-305. The Defendants further argue that because the transfers to Rim to River and Stone Canyon occurred on December 16, 2016, and November 14, 2016, respectively, Asphalt's complaint filed on November 13, 2020 was not filed within the two-year statute of limitations for asset protection trusts. And because the transfer to Three Canyon occurred on August 16, 2016, Asphalt's claim against Three

4

Canyon on November 13, 2020, failed to comply with the four-year statute of limitations for fraudulent transfers.

In response, Asphalt argues with respect to the Trusts that the transfers into the Trusts are subject to the general four-year statute of limitations for fraudulent transfers, not the specialized two-year statute of limitations for asset protection trusts. Asphalt maintains that it has brought its claims against the Trusts under Utah's Uniform Voidable Transfer Act's ("UVTA")[1] general voidable transfer provision (§ 25-6-202) and, further, that neither trust qualifies as a proper asset protection trust under section 25-6-502. Asphalt additionally argues that its unsuccessful attempt to obtain a prejudgment writ of attachment against the Three Canyon transfer in a separate lawsuit filed prior to the four-year statute of limitations preserves its claim against Three Canyon for purposes of the present lawsuit.

To resolve the parties' arguments, the court first determines the appropriate statute of limitations as to the Trusts and addresses whether Asphalt pled facts to show that it has met the relevant statute of limitations. The court then determines whether Asphalt's Three Canyon claim meets the applicable four-year statute of limitations.

   *A. Applicable Limitations Period for Rim to River Trust and Stone Canyon Trust*

The parties dispute whether the four-year general statute of limitations or the two-year asset protection trust statute of limitations applies to the claims covering the Rim to River Trust and Stone Canyon Trust transfers.

---

[1] The Utah Uniform Fraudulent Transfer Act (UFTA) has been renamed as the Uniform Voidable Transfer Act. It was originally codified beginning at § 25-6-1, and is now codified beginning at § 25-6-101. The court refers to the statute using its present name and codification.

The basic purpose of the UVTA is "to prevent fraudulent transfers of assets by debtors who seek to defraud creditors or avoid debts by placing assets beyond creditors' reach." *Li v. Lewis*, No. 1:20-cv-12-TS-JCB, 2020 WL 4346974, at *2 (D. Utah July 29, 2020) (citation omitted). Under the UVTA, a transfer is generally voidable as to a creditor "if the debtor made the transfer or incurred the obligation with actual intent to hinder, delay, or defraud any creditor of the debtor." UTAH CODE § 25-6-202(1)(a). Generally, a claim for relief under section 25-6-202(1)(a) must be brought by the later of the following: "four years after the transfer was made" or "one year after the transfer or obligation was or could reasonably have been discovered by the claimant." *Id.* § 25-6-305(1).

The UVTA contains distinct rules for trusts executed under Utah's asset protection trust laws. *Id.* § 25-6-502. Notwithstanding the general statute of limitations outlined in section 25-6-305(1), section 25-6-502(9)(c) provides a shorter statute of limitations for a claim that a debtor made a transfer to a Utah asset protection trust in order to defraud a creditor. To take advantage of the shorter statute of limitations, the asset protection trust must comply with the asset protection trust statute, including a set of conditions enumerated at section 25-6-502(5). If the trust qualifies as a proper asset protection trust, the statute mandates that the claim be brought "by a creditor of the settlor who was a creditor of the settlor before the assets in question were transferred to the trust" and the action must be brought by "the later of two years after the transfer is made, or one year after the transfer reasonably could have been discovered by the creditor." *Id.* § 25-6-502(9)(c)(i). Where an asset protection trust provision conflicts with another provision of the UVTA, the provision in the asset protection trust subsection supersedes the conflicting general provision. *Id.* § 25-6-502(13). Therefore, if the trusts in question fall under the asset protection trust statute, that subsection's shorter statute of limitations must apply.

It is well established that in determining whether to grant a motion to dismiss, the court is "limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995). Typically, a plaintiff has no obligation to plead facts to refute anticipated affirmative defenses. 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1277 (3d ed. 2004); *Tucker v. State Farm Mut. Auto. Ins. Co.*, 53 P.3d 947, 949-50 (Utah 2002). But where a complaint includes dates indicating the action is untimely, the plaintiff must plead facts that would establish a basis for tolling the statute of limitations. *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980); *Young Res. Ltd. P'ship v. Promontory Landfill LLC*, No. 20160655-CA, 2018 WL 2470958, at *7 (Utah Ct. App. June 1, 2018).

Here, the allegations of the complaint indicate that Asphalt's action may be untimely. Two of the claims are related to transfers made to trusts identified by Asphalt in its complaint as "asset protection trusts." The court has reviewed the trust documents submitted by Defendants, which suggest that the Trusts were created pursuant to the asset protection trust provision of the UVTA. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss."). The transfers on December 16, 2016, and November 14, 2016, fall outside of the two-year statute of limitations outlined for fraudulent transfers to asset protection trusts. Asphalt, therefore, was required to plead facts showing that the two-year statute of limitations does not apply to the transfers to the Trusts by pleading facts that demonstrate that the transfers to the Trusts do not fall under UTAH CODE § 25-6-502 and should instead be subject to the general four-year statute of

limitations in section 25-6-305(1). Although Asphalt now attempts to suggest that the two trusts are not proper asset protection trusts, it makes no such allegations in the operative complaint. Asphalt's complaint focuses exclusively on pleading causes of action under section 25-6-202 and thus fails to allege any facts in its complaint to overcome the two-year asset protection trust statute of limitations. Accordingly, the court GRANTS Defendants' motion to dismiss with respect to the claims based on the Rim to River and Stone Canyon transfers.

### B.  Leave to Amend

Amendments that are not permitted as a matter of course under Rule 15(a)(1) of the Federal Rules of Civil Procedure require written consent from the opposing party or leave of the court. FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation omitted).

Here, Asphalt has not had an opportunity to amend its complaint to address the Defendants' statute of limitations affirmative defenses. Thus, the court cannot conclude that Asphalt will be unable to allege facts showing that the two-year statute of limitations will not apply. Moreover, as noted above, plaintiffs normally have no obligation to plead facts to counter anticipated affirmative defenses. The duty arose in this case only because Asphalt pleaded the dates of significant events in its complaint. Because Asphalt did not know that the Defendants would raise statute of limitations defenses until they filed their motion to dismiss, fairness dictates that Asphalt be given a chance to amend to address this affirmative defense.

During oral argument, counsel for Asphalt indicated that if the court granted the motion to dismiss, Asphalt orally moved for leave to amend as well as a stay pending the outcome of the bench trial in the Beall lawsuit. This court has inherent power to stay proceedings in any matters pending before it. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Whether to grant a stay "normally lies within the discretion of the district court." *Pet Milk v. Ritter*, 323 F.2d 568, 588 (10th Cir. 1963). Both parties agreed at oral argument that the present case may become moot depending on the outcome of the Beall lawsuit. Therefore, staying this lawsuit until Judge Nielson completes his bench trial in the Beall lawsuit would promote judicial economy and minimize expenses for both parties. Accordingly, the court will stay this case pending the outcome of the Beall lawsuit.

In sum, the court's dismissal as to the transfers to the Trusts is without prejudice. The court GRANTS Asphalt twenty-one days from the date on which Judge Nielson rules in the Beall lawsuit bench trial to amend its complaint, if it can, to allege facts showing why the four-year general fraudulent transfer statute of limitations, and not the two-year asset protection trust statute of limitations, should apply.

### C. Three Canyon Transfer

The parties agree that the claim against Three Canyon is governed by the statute of limitations in UTAH CODE § 25-6-305(1), which runs four years after the date of transfer or, if later, one year after the transfer was or could have reasonably been discovered by the claimant. Beall made the allegedly fraudulent transfer to Three Canyon on August 16, 2016, and Asphalt filed this claim on November 13, 2020, more than four years after the Three Canyon transfer.

Asphalt argues that its pending claim in the Beall lawsuit seeking to attach the same property at issue in the Three Canyon transfer is sufficient to preserve its claim here against the four-year statute of limitations. It further contends that it would be unfair to permit delays in the Beall lawsuit to allow Beall to run out the statute of limitations on the Three Canyon transfer.

Asphalt has failed to provide the court with any legal basis explaining why its pending claim seeking to attach the same property in a different case (in which Three Canyon was not named as a party) preserves Asphalt's fraudulent transfer claim against Three Canyon in this case. Nor has Asphalt adduced any allegations to support tolling the statute of limitations as to the Three Canyon transfer.

The Three Canyon claim cannot be preserved through the relation back doctrine. Federal Rule of Civil Procedure 15(c) permits the relation back of an "amendment of a pleading." But "a separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim." *Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994) (citation omitted). Therefore, Asphalt's prior attempt to attach the assets transferred to Three Canyon in the separately filed Beall lawsuit does not preserve its fraudulent transfer claim against Three Canyon in this case.

Further, Asphalt's complaint includes no allegation that the statute of limitations as to the Three Canyon transfer claim has been tolled. A state's tolling rules "generally govern in diversity actions, absent a direct conflict between a state rule and an overriding federal rule of affirmative countervailing federal considerations." *Cook v. G.D. Searle & Co.*, 759 F.2d 800, 803 (10th Cir. 1985). Here, the UVTA provides for tolling until "one year after the transfer or obligation was or could reasonably have been discovered by the claimant." UTAH CODE § 25-6-305(1). Asphalt has not alleged that within the year prior to filing this lawsuit it was unaware of the Three Canyon

transfer. Therefore, Asphalt has provided no basis for tolling the statute of limitations as to the Three Canyon transfer claim.

As noted above, the court should typically freely give leave to amend when justice so requires. FED. R. CIV. P. 15(a)(2); *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (citation omitted). The fundamental legal defect in Asphalt's Three Canyon transfer claim is that Asphalt has failed to meet the statute of limitations with regard to this claim. However, the court will permit leave to amend to allege facts to address this defect.

Because the Three Canyon transfer occurred more than four-years before Asphalt filed this claim, and because Asphalt has made no allegation that it lacked actual knowledge of the Three Canyon transfer within a year of filing this claim, the court GRANTS the Defendants' motion to dismiss Asphalt's claim as to the Three Canyon transfer without prejudice. As noted above, the court will give Asphalt twenty-one days from the date on which Judge Nielson rules in the Beall lawsuit bench trial to amend its complaint, if it can, to allege facts showing that it lacked actual knowledge of, and could not reasonably have discovered, the Three Canyon transfer within a year of filing this action.

## II.      FAILURE TO STATE A CLAIM AGAINST TARYN

Defendants move to dismiss Taryn as a party because Asphalt's complaint fails to include any allegations against Taryn. "Courts have consistently held that, where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted." *Allison v. Utah Cnty. Corp.*, 223 F.R.D. 638, 638 (D. Utah 2004). Asphalt concedes that it asserts no claim against Taryn in its complaint. Because there are no allegations against Taryn, the court GRANTS the motion to dismiss Taryn as a defendant.

### III.    RULE 11 AND 28 U.S.C. § 1927

Defendants rely on the same arguments outlined in their motion to dismiss to argue that

Asphalt failed to make a reasonable pre-filing investigation into what Defendants term an "obvious

affirmative defense." Asphalt counters with a recapitulation of its arguments in opposition to the

motion to dismiss, stressing its reasoning for why the asset protection trust statute does not apply

to the trust transfers.

### A.  Legal Standard

Rule 11(b) of the Federal Rules of Civil Procedure requires that attorneys who present

pleadings or motions to the court certify that, to the best of their knowledge, "the claims, defenses,

and other legal contentions are warranted by existing law or by a nonfrivolous argument for

extending, modifying, or reversing existing law or for establishing new law." FED. R. CIV. P.

11(b)(2). Rule 11 further requires certification that the pleading or motion is not "presented for any

improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of

litigation." *Id.* 11(b)(1). The standard for evaluating a Rule 11 motion is objective—"whether a

reasonable attorney admitted to practice before the district court would file such a document."

*Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988). And the standard for Rule 11 sanctions is

"a tough one to satisfy." *Predator Intern., Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1182

(10th Cir. 2015).

Under 28 U.S.C. § 1927, the court may require attorneys who "multipl[y] the proceedings

in any case unreasonably and vexatiously" to "satisfy personally the excess costs, expenses, and

attorneys' fees" incurred by the opposing party. Section 1927 sanctions are discretionary and are

appropriate only when an "extreme standard" of conduct is met. *White v. Am. Airlines, Inc.*, 915

F.2d 1414, 1427 (10th Cir. 1990). An award of attorneys' fees and costs under section 1927 is

appropriate "only in instances evidencing a serious and standard disregard for the orderly process of justice," *id.* (quoting *Dreiling v. Peugeot Motors of Am., Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985)), or "for conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court," *id.* (citing *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (en banc)).

   *B.   Application*

   Defendants contend that there is "no question concerning the applicability of the statute of limitations" to Asphalt's claims. But this court has granted Asphalt leave to amend to allege facts as to why the asset protection trust statute of limitations should not apply to the transfers to Rim to River Trust and Stone Canyon Trust. Although it remains to be seen what facts Asphalt will allege, if any, litigation under section 25-6-502 is infrequent and this court was unable to find any cases discussing the interaction between the two distinct statutes of limitations contained therein. The court does not make a finding as to whether the Trusts comply with the requirements of the asset protection trust statute. It simply finds that Asphalt's argument that the Trusts do not fall within the ambit of the asset protection trust statute was not "objectively unreasonable" and thus is not appropriate for Rule 11 sanctions. *Predator Intern.*, 793 F.3d at 1194.

   Defendants further argue that because Asphalt has sued Beall or its entities four times, once raising the same claims related to the three transfers at issue here, Asphalt is guilty of vexatiously multiplying proceedings. Defendants have failed to show that section 1927's "extreme standard" has been met here. First, Defendants' suggestion that Asphalt's four lawsuits provide evidence of vexatious litigation on Asphalt's part is misleading. The first two lawsuits to which Defendants refer consist of Asphalt's arbitration to obtain the $2.3 million award and the subsequent lawsuit in front of this court to obtain a judgment on the arbitration award. Second, Asphalt's subsequent

13

two lawsuits appear to be a result of a strong reluctance by Beall and its entities to satisfy the judgment entered against it in 2012. Further, Rim to River Trust, Stone Canyon Trust, and Three Canyon were not named in the pending Beall lawsuit. As Asphalt noted, this lawsuit was not filed to vexatiously multiply litigation, but rather to ensure that Asphalt would have some potential means of accessing the assets in question if a court were to find that Asphalt is entitled to these assets and that the property cannot be attached in the pending lawsuit against Beall. Considering the absence of evidence that Asphalt acted to harass, delay, or vexatiously multiply litigation, the court DENIES Defendants' motion for sanctions.

**CONCLUSION AND ORDER**

The court orders as follows:

1.  The court GRANTS Defendants' Rule 12(b)(6) motion to dismiss with respect to all three claims by Asphalt. [Docket 18]. Dismissal of Asphalt's claims shall be without prejudice. Asphalt has leave from the court to file an amended complaint that addresses the deficiencies identified in this Order, if it is able to do so, by 21 days after Judge Nielson rules in the bench trial in the Beall lawsuit.

2.  The court GRANTS Defendants' motion to dismiss Taryn as a defendant.

3.  The court DENIES Defendants' motion for sanctions.

DATED September 10, 2021.

BY THE COURT

_____

Jill N. Parrish
United States District Court Judge
